UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES LINDSAY,
        Plaintiff,

    v.                                                   Case No. 08C0324

MILWAUKEE POLICE DEPARTMENT,
        Defendants.

## DECISION AND ORDER

Plaintiff James Lindsay, proceeding pro se, has filed this action under 42 U.S.C. § 1983 against defendant Milwaukee Police Department, alleging that Milwaukee Police Officer Hendricks violated his constitutional rights in connection with an October 18, 2007 incident at plaintiff's place of business. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. See West v. Macht, 986 F.Supp. 1141 (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give

security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit in its totality, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff indicates that he receives approximately $400.00 in monthly income, but has monthly expenses far in excess of that $400.00. He claims he is unable to pay many of those expenses. Thus, I will permit plaintiff to proceed without payment of fees.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Of course, if a

2

complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff's complaint alleges that on October 18, 2007, Officer Hendricks, accompanied by another unnamed police officer, wrongfully handcuffed and arrested plaintiff and entered plaintiff's place of business without permission or a warrant, causing damage to the premises. These facts, taken as true, support a claim against Officer Hendricks for various violations of the Fourth Amendment, but plaintiff does not name Officer Hendricks as a defendant in this action. Rather, plaintiff names only the Milwaukee Police Department as a defendant.

The capacity of an entity "to sue or be sued" is determined by state law. Fed. R. Civ. P. 17(b). While Wisconsin law explicitly authorizes a suit to be maintained against a city, the statute lacks any authorization to maintain a suit against a police department. See Wis. Stat. § 62.25. See also Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 995-96 (E.D.Wis. 2000) (concluding that the City of Milwaukee Police Department was not a proper party defendant). However, the court has a duty to assist a pro se plaintiff in identifying and serving the proper parties. See Donald v. Cook County Sheriff's Dept., 95

3

F.3d 548, 555-56 (7th Cir. 1996). By definition, the police department is an agency of the City of Milwaukee. Thus, I will determine whether plaintiff has stated a claim against the City of Milwaukee pursuant to Monell v. Dept. of Social Srvs., 436 U.S. 658, 694 (1978).

Under Monell, a section 1983 plaintiff must show (1) that he or she has suffered a deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom or usage of the municipality. Powe v. City of Chicago, 664 F.2d 639, 643 (7th Cir. 1981). Because I already have concluded that plaintiff has stated an arguable constitutional claim as it relates to Officer Hendricks' conduct, I turn to Monell's policy element. Although pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff is not required to give a detailed factual pleading, a plaintiff's allegations must still connect the defendant to the factual cause of plaintiff's injury. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Thus, to state a claim for liability under § 1983 against a municipality a plaintiff must allege some factual basis to suggest (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that constitutional injury was caused by a person with final policymaking authority. Id.

Here, plaintiff's allegations focus solely on the actions of Officer Hendricks. Plaintiff does not allege any factual basis suggesting an express or implied policy of the City of Milwaukee. Nor does he allege that Officer Hendricks has final policy making authority. Thus, I conclude that plaintiff has failed to state a claim against the Milwaukee Police Department because it is not a proper party and against the City of Milwaukee under Monell.

I will therefore dismiss plaintiff's complaint, but will give plaintiff leave to amend his complaint in accordance with this decision. Plaintiff shall have thirty days from the date of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is advised that the amended complaint supercedes the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. Of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998). Should plaintiff fail to file an amended complaint within thirty days, I will dismiss this action with prejudice.

**Therefore,**

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amended complaint within thirty days of the date of this order will result in dismissal of the present action.

Dated at Milwaukee, Wisconsin this 23 day of April, 2008.

/s
LYNN ADELMAN
District Judge