# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES LINDSAY,**
      **Plaintiff,**

     **v.**                                  **Case No. 08C0324**

**CITY OF MILWAUKEE and**
**SERGEANT HENDRICKS,**
      **Defendants.**

---

## ORDER

Plaintiff James Lindsay, proceeding pro se, has filed this action under 42 U.S.C. § 1983. On April 23, 2008, I granted plaintiff leave to proceed in forma pauperis. However, I dismissed defendant Milwaukee Police Department from the action because it was not a proper defendant, and I gave plaintiff leave to file an amended complaint. Plaintiff has since filed an amended complaint naming the City of Milwaukee and Sergeant Hendricks as defendants.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff's complaint alleges that on October 18, 2007, Officer Hendricks, an officer with the Milwaukee Police Department, accompanied by another unnamed police officer, wrongfully handcuffed and arrested plaintiff and entered plaintiff's place of business without permission or a warrant, causing damage to the premises and causing plaintiff to be held in jail for three days. These facts, taken as true, support a claim against Officer Hendricks for unlawful search and seizure in violation of the Fourth Amendment.

2

In addition to Sergeant Hendricks, plaintiff's amended complaint names the municipality City of Milwaukee as a defendant. To state a claim for liability under § 1983 against a municipality a plaintiff must allege some factual basis to suggest (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that constitutional injury was caused by a person with final policymaking authority. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). In this case, plaintiff asserts that Sergeant Hendricks has final policymaking authority within the City of Milwaukee Police Department, and that his conduct caused the constitutional violations in question. While it is unclear whether these assertions are meritorious, at this stage plaintiff may proceed on his claim against the City of Milwaukee.

**Therefore,**

**IT IS ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

3

Plaintiffs should provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 1 day of August, 2008.

/s
LYNN ADELMAN
District Judge

4