# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES LINDSAY,
          Plaintiff,

v.                                                     Case No. 08C0324

CITY OF MILWAUKEE and
SGT HENDRICKS,
          Defendants.

## DECISION AND ORDER

Before me now is defendants' motion to dismiss pro se plaintiff James Lindsay's action against them for failure to prosecute. Defendants' counsel filed an affidavit stating that plaintiff failed to submit his initial disclosures, to respond to defendants' Rule 26 disclosures as required, and to attend a scheduled deposition. Defendants maintain that plaintiff's failures in this regard are prejudicial to their defense, and I should dismiss plaintiff's action for failure to prosecute. Plaintiff contends that he did make the required disclosures, and that he did not receive the notice of deposition and therefore was not aware of it.

"[D]ismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." See Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (internal quotations omitted). Further, "a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." Sharif v. Wellness Intern. Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004); see also Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir.1993).

In this case, I will deny the motion to dismiss. Plaintiff has not yet been explicitly warned of the possibility of dismissal of his action for failure to diligently prosecute. This order serves as that warning. Plaintiff is advised that he must comply with the Federal Rules of Civil Procedure governing discovery, which includes making timely disclosures, responding to discovery requests, and attending scheduled depositions. It is plaintiff's responsibility to keep abreast of the status of his case and to diligently prosecute this action. Should plaintiff disregard this responsibility in the future, I may dismiss his action with prejudice for failure to prosecute.

I note that the discovery deadline is approaching. Additionally, plaintiff asserts that he is attempting to retain an attorney to represent him. In light of these circumstances, I will extend the original discovery and dispositive motion deadlines set forth in the November 10, 2008 Scheduling Order. Discovery shall be completed by **August 3, 2009** and dispositive motions shall be served and filed by **September 4, 2009**. The parties may file a motion seeking an additional extension of discovery and dispositive motion deadlines, if necessary. I also advise plaintiff, if he is concerned that he is not receiving defendants' counsel's phone calls or letters, to contact her to confirm that she has his correct telephone number and address information.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that discovery shall be completed by **August 3, 2009.**

**IT IS FURTHER ORDERED** that dispositive motions shall be served and filed on or before **September 4, 2009.**

Dated at Milwaukee, Wisconsin this 22 day of May, 2009.

/s
LYNN ADELMAN
District Judge