# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JAMES LINDSAY,

        Plaintiff,

v.                                                                 Case No. 08-CV-324

CITY OF MILWAUKEE and SGT. HENDRICKS,

        Defendants.

_____

## ORDER

Plaintiff James Lindsay ("Lindsay") filed a motion asking the court to dismiss his action without prejudice to allow him to hire an attorney. Lindsay's underlying action asserts claims under 42 U.S.C. § 1983 against the City of Milwaukee and a Milwaukee police sergeant. These claims arise from Lindsay's interaction with police, the alleged non-consensual search of his restaurant, and Lindsay's subsequent arrest. Defendants oppose Lindsay's request because they have a pending motion for summary judgment. The defendants urge the court to grant their motion and dismiss the case on its merits, rather than granting a voluntary dismissal without prejudice.

A district court may allow a plaintiff to dismiss his complaint voluntarily without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir. 1990). "That decision is left to the sound discretion of the trial court." *Id.* However, the Seventh Circuit has provided factors for consideration when determining whether to grant a motion to dismiss without

prejudice. These factors include: a) effort and expenses undertaken by the defendant in preparation for trial; b) excessive delay and lack of diligence by the plaintiff; c) insufficient explanation of the need for dismissal; and d) the fact that a motion for summary judgment has been filed by the defendant. *Kovalic v. DEC International, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Several of these considerations are implicated in the instant case and point towards denying Lindsay's request. First, Lindsay did exhibit some lack of diligence in pursuing his case. Indeed, the defendants filed a motion to dismiss for failure to prosecute earlier in the proceedings. Second, the defendants have filed a motion for summary judgment. However, Judge Adelman denied the defendants' motion to dismiss Lindsay's case for failure to prosecute, based on Lindsay's representations that he never received a notice of deposition and that he was attempting to retain an attorney. Further, though the defendants filed a motion for summary judgment, the motion is relatively brief and straightforward. The defendants may re-assert the same arguments if and when Lindsay files a new action.

The aforementioned factors are outweighed by additional considerations. The most significant considerations are Lindsay's *pro se* status and his proffered reason for dismissal. Lindsay requests dismissal so that he may retain a lawyer. The court regards Lindsay's explanation as credible because civil rights litigation in the federal

courts can be a confusing morass for inexperienced, unrepresented litigants. Moreover, the defendants did not expend considerable effort or resources in preparing for trial, as no trial has been scheduled in this case. After evaluating the relevant considerations, the court will grant Lindsay's request and dismiss the case without prejudice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to dismiss without prejudice (Docket #33) be and the same is hereby **GRANTED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge